```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


-----------------------------
In Re                        )
DAVID SULLIVAN and LUZ       )   Ch. 13 No. 08-31913-HJB
ENEIDA SULLIVAN             )
        Debtors              )
-----------------------------
L. JED BERLINER, ESQ.,       )
        Appellant            )
                             )
              v.             )   C.A. No. 10-cv-30158-MAP
                             )
DENISE M. PAPPALARDO, ESQ.   )
        Appellee             )
-----------------------------
```

## MEMORANDUM AND ORDER REGARDING
## BANKRUPTCY APPEAL & MOTION TO STAY PENDING APPEAL
(Dkt. No. 1)

June 15, 2011

PONSOR, D.J.

### I. INTRODUCTION

Appellant, Attorney L. Jed Berliner ("Attorney Berliner" or "Appellant"), has appealed a bankruptcy judge's reduction in his award of attorney's fees arising from his representation of the debtors, David Sullivan and Luz Eneida Sullivan ("the Debtors"). He has moved to stay the underlying bankruptcy proceeding pending his appeal of the

fee ruling (Dkt. No. 1). At oral argument, Appellant confirmed that his motion seeks a ruling not merely on the stay, but also on the merits of the appeal, and counsel for Appellee agreed.

While Appellant has presented his arguments ably, the deference afforded a bankruptcy judge's fee decision undercuts any valid basis for appeal or remand. As a result, for the reasons stated in detail below, the court will affirm the ruling of the bankruptcy court and deny Appellant's motion to stay the proceeding.

## II. BACKGROUND

On December 29, 2008, the Debtors filed a Chapter 13 bankruptcy petition and hired Appellant to represent them in the ongoing proceedings. Pursuant to the "Chapter 13 Agreement Between Debtor and Counsel," the initial fee charged in the case was $4,000, which included the "preparation and filing of any petition, schedules, statement of affairs and plan." The Debtors paid a retainer of $3,684.[1] On July 2, 2009, the Debtors filed the First

---

[1] The precise amount Appellant received is slightly unclear. The amended fee application states that a "$3,225.00 retainer was paid prepetition to Applicant for

2

Amended Chapter 13 Plan. The First Amended Plan provided for legal fees to be paid in the amount of $3,775, in addition to the retainer.

On October 15, 2009, the bankruptcy court held a confirmation hearing on the First Amended Plan. As the amount of the fee exceeded the $4,000 "no-look" provision set forth in the Massachusetts Bankruptcy Local Rules 13-7(b),[2] Appellant was required to file a fee application pursuant to 11 U.S.C. § 330(a)(4)(B). To permit this, the hearing was postponed.

Appellant filed a fee application on April 16, 2010, and then filed an amended fee application on April 20, 2010. The amended fee application sought $11,857 in fees and expenses, with $8,173 remaining after application of the

---

bankruptcy services, along with $659.00 for the court filing fee and other costs." (Dkt. No. 1, Ex. A, ¶ 18.) This would result in a total prepayment of $3,884, but the amended fee application then states that "$3,684 [was] already paid" and uses the $3,684 figure to calculate the Debtors' outstanding balance. (Id. ¶¶ 26 - 29.) The inconsistency is obviously negligible and has no impact on the court's ruling.

[2] This $4,000 "no-look" provision consists of $3,500 for work performed prior to confirmation of the Plan and $500 in anticipated legal fees for work performed after confirmation of the Plan. See M.B.L.R. 13-7(b).

$3,684 already paid.  On May 28, 2010, the Debtors filed the Second Amended Chapter 13 Plan incorporating the amended fee application.

The Standing Chapter 13 Trustee filed an opposition to the amended fee application, specifically contesting two entries, which totaled 1.6 hours at $110 per hour for services rendered by an associate of Appellant.  More generally, the Trustee questioned whether the Debtors were fully informed that the fees would amount to substantially more than the original estimate.

On June 25, 2010, the bankruptcy court resumed the hearing on the amended fee application.  At that time, Appellant argued that the higher-than-usual fee ($11,857 in total) was mainly the result of extensive communications he had with the Debtors to answer a myriad of questions they posed to him.  (Dkt. No. 6, Ex. 1, Bankr. R. at 361-65.)  At the conclusion of the hearing, the bankruptcy judge held that Appellant was only entitled to the amount of the original retainer, $3,684, explaining his ruling as follows:

> I've reviewed the application in some depth, because I, like the Chapter 13 Trustee, was struck by the amount requested in comparison not only to

> the initial amount that was projected in the
> retainer agreement, albeit that retainer agreement
> was left open-ended, but also in comparison to
> what are typical charges in cases in this District
> for similar services.  This case appears to me,
> upon review of the docket, to be relatively
> uncomplicated. The attorney for the debtor goes to
> great lengths, some would say in the style of
> puffery, to indicate the extremely fine services
> that he renders on behalf of debtors, but one is
> left at the end with the firm conviction that many
> of those services are duplicative. They are not
> necessary for what is still appropriate
> representation for debtors, and in some respects
> approaches a level of churning.  The hourly rate
> is not troublesome.  The number of hours, however,
> is.

(Id. at 365-66.)  Stating that Appellant failed to provide "a very good reason" for charging an amount "substantially in excess of what is the norm in the District," the court limited the total award to the amount of the original retainer.  (Id. at 366.)

Appellant then moved to stay the overall bankruptcy proceeding pending an appeal of the court's June 25 decision on the fees.  On July 12, the bankruptcy court denied this motion, stating that "the arguments presented by the appellant present neither a strong nor a substantial case on appeal" and that "the Debtors should not have their fresh start stayed on account of their attorney's unwarranted

request for compensation." (Dkt. No. 1, Ex. E.) Appellant has now filed a motion with this court seeking to stay the bankruptcy proceeding pending a determination of this appeal of the bankruptcy judge's fee ruling. (Dkt. No. 1.) As noted, he also seeks a decision on the substantive appeal itself.

### III. <u>STANDARD OF REVIEW</u>

On appeal, a district court reviews the bankruptcy court's fee award only for mistake of law or abuse of discretion. <u>See</u> <u>Lopez v. Consejo de Titulares del Condominio Carolina Ct. Apts.</u>, 405 B.R. 24, 30 (B.A.P. 1st Cir. 2009). In assessing fee awards, the district court should afford great deference to the conclusions of the bankruptcy judge, "whose intimate knowledge of the nuances of the underlying case uniquely positions him to construct a condign award." <u>Gay Officers Action League v. Puerto Rico</u>, 247 F.3d 288, 292 (1st Cir. 2001). Because the determination of a reasonable fee "necessarily involves a series of judgment calls," the trial court has "extremely broad" discretion in determining an award, and "an appellate court is far more likely to defer to the trial court in

reviewing fee computations than in many other situations." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).

## IV. DISCUSSION

The issue presented on appeal is whether the bankruptcy court abused its discretion in reducing the fee award below Appellant's request. Appellant contends that the bankruptcy court failed properly to follow the lodestar method for determining attorney's fees; he seeks a remand requiring the bankruptcy judge to perform this analysis. Although the methodology employed by the court below did not track with technical precision the steps of the lodestar analysis, the clear and detailed explanation given by the judge provided an adequate equivalent. As a result, the fee ruling fell well within the judge's sphere of discretion.

Section 330 of the Bankruptcy Code requires the court to consider "the nature, the extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a)(3). These factors include:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the

7

> administration of, or beneficial at the time at
> which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue or task addressed; and
>
> (E) whether the compensation is reasonable based
> on the customary compensation charged by
> comparably skilled practitioners in cases other
> than cases under this title.

Id.

Appellant is correct that in most cases the proper method for determining a fee award involves the calculation of a so-called "lodestar," which has been identified as the "critical first step." Lopez, 405 B.R. at 32. Under the lodestar method, "the applicable rate [of compensation] is multiplied by the hours reported, after those which are duplicative, unproductive, excessive, or otherwise unnecessary are subtracted." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). After calculating this amount, the court may adjust it up or down. Lopez, 405 B.R. at 30.

The court must also "provide a concise but clear explanation of [its] calculation of the lodestar and any

8

adjustments to the lodestar amount." Id. at 30; see also Perdue v. Kenny A., 130 S. Ct. 1662, 1676 (2010) ("It is essential that the [trial] judge provide a reasonably specific explanation for all aspects of a fee determination . . . ."). Courts must not "sidestep [this] requirement, particularly when they substantially reduce a fee award." Lopez, 405 B.R. at 30 (citation and quotation marks omitted). Ultimately, the party seeking compensation carries the burden of proving that the requested compensation does not exceed the reasonable value of his services. See In re LaFrance, 311 B.R. 1, 21 (Bankr. D. Mass. 2002).

Here, Appellant points out that the bankruptcy court did not expressly multiply the applicable rate of compensation by the hours reported (after deleting the excessive and duplicative hours) to arrive at the reduced fee award. Instead, he argues, the court ignored this "critical first step," Lopez, 405 B.R. at 33, and simply concluded that Appellant had failed to provide "a very good reason" for charging an amount "substantially in excess of what is the norm in the District." (Dkt. No. 6, Ex. 1,

Bankr. R. at 366.)  Appellant contends that the bankruptcy court's explanation did not specify which claimed hours were unnecessary and what the basis was for entirely eliminating any fee claim above the original retainer.

These arguments are not without force, but they are overborne by three considerations.

First, while the bankruptcy court did not expressly note on the record that it was employing the lodestar method, the use of this method may easily be inferred.  The bankruptcy court clearly explained that it was troubled by the number of hours claimed (fifty nine), not the blended hourly rate ($176).  The court then concluded that eliminating the duplicative and excessive charges would result in a reasonable fee award of $3,684.  Accordingly, it is clear that the bankruptcy court determined that approximately twenty-one hours (at a rate of $176 per hour) was a reasonable amount of time to commit to this case.  The court's failure to state the number of hours it deemed reasonable does not require remand when that number is easily discernible from the context of the decision.

Second, although this court could require the

bankruptcy judge to comb through the fee application to justify this implicit reduction from fifty-nine to twenty-one hours, such action would be plainly unnecessary. To begin with, courts "need not follow a 'rigid prescription' in making such a reduction." Lopez, 405 B.R. at 31. More importantly, certain problematic elements in Appellant's fee petition underline the reasonableness of the judge's concerns, and justify his implicit conclusion that twenty-one hours should have been sufficient to provide adequate representation here.

To take one example, in his fee application Appellant points to "many extensive and detailed communications with the debtors" as the primary reason for his inflated hours and highlights time spent on four days in particular: November 11, 2008; November 13, 2008; November 17, 2008; and January 6, 2009. (Dkt. No. 1, Ex. A, at 18.) However, the time spent communicating with clients on those days amounted to just over four hours, a small fraction of the total additional hours charged. Another similar example is the 10.6 hours, more than an entire work day, charged to the Debtors for preparing the fee application itself. Appellant

11

billed this time at his highest rate ($265 per hour), with the result that the fee claimed for putting together the legal bill ($2,809) constituted almost three quarters of the average fee typically charged by attorneys for the <u>entire</u> representation in cases such as this.

In sum, given these concerns, it cannot be said that the bankruptcy judge's estimate of the reasonable fee was ill considered or without basis.

Third, and finally, it is well established that the bankruptcy judge is entitled to great deference in making fee determinations. He is much closer to the case and, unlike this court, deals with similar matters on a regular basis. See <u>Gay Officers Action League v. Puerto Rico</u>, 247 F.3d 288, 292 (1st Cir. 2001). The bankruptcy judge stated that the case was "relatively uncomplicated" and that he held a "firm conviction" that the majority of the hours charged by Appellant were duplicative or unnecessary. (Dkt. No. 6, Ex. 1, Bankr. R. at 365-66.) The record offers no good reason to intrude upon a matter committed to the bankruptcy court's sound discretion.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the court hereby AFFIRMS the decision of the bankruptcy court and DENIES Appellant's Motion to Stay (Dkt. No. 1).  This case may now be closed.

It is So Ordered.

                                        <u>/s/ Michael A. Ponsor</u>
                                        MICHAEL A. PONSOR
                                        U. S. District Judge